08-1817-cr(L), 08-3121-cr(Con)
USA v. Romero-Padilla

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2009

(Argued: September 1, 2009)                              Decided: October 7, 2009)

Docket Nos. 08-1817-cr(L); 08-3121-cr(Con)

UNITED STATES OF AMERICA,

*Appellee*,

v.

JAIME ENRIQUE ROMERO-PADILLA,

*Defendant-Appellant*,

JUAN CARLOS CARDONA,

*Defendant.*[*]

Before: CALABRESI, CABRANES, and HALL, *Circuit Judges*.

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise Cote, *Judge*) entered June 19, 2008, after a jury found defendant-appellant guilty of manufacturing or distributing five kilograms or more of cocaine with the knowledge or intent that the cocaine would be unlawfully imported into the United States, *see* 21 U.S.C. § 959(a), and of conspiring to do the same, *see* 21 U.S.C. § 963. We hold that a conviction under 21 U.S.C. § 959(a) requires proof beyond reasonable doubt that a defendant actually knew or intended that a substance manufactured or distributed in violation of that Section would be unlawfully imported into the United States.

Affirmed.

---

[*] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

1

MICHAEL A. YOUNG (Joyce C. London, *on the brief*) Joyce C. London, P.C., New York, NY, *for Jaime Enrique Romero-Padilla.*

MARC P. BERGER, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, and Kevin R. Puvalowski, Assistant United States Attorney, *on the brief*), *for appellee.*

PER CURIAM:

In this appeal, we consider principally whether 21 U.S.C. § 959(a) requires proof beyond a reasonable doubt that a defendant knew or intended that a substance manufactured or distributed in violation of that Section would be unlawfully imported into the United States.

**BACKGROUND**

On May 4, 2006, a grand jury indicted defendant-appellant Jaime Enrique Romero-Padilla[1] and six other individuals for conspiring to manufacture or distribute five kilograms or more of cocaine with the knowledge or intent that the cocaine would be unlawfully imported into the United States, *see* 21 U.S.C. § 963, and with the substantive offense of manufacturing or distributing five kilograms or more of cocaine with the knowledge or intent that the cocaine would be unlawfully imported to the United States in violation of *id.* § 959. The government alleged that Romero-Padilla, formerly an anti-narcotics officer in the Colombian National Police ("CNP"), and his co-defendants participated in a scheme to move large quantities of cocaine from Colombia to Mexico with the knowledge that the cocaine would then be imported into the United States. Of the seven indicted defendants, only Romero-Padilla went to trial. Three of Romero-Padilla's co-conspirators testified against him, as did two police officers who had dealt with him as undercover agents. Among other things, the jury also heard wiretap recordings of Romero-Padilla and his alleged co-conspirators and saw surveillance videos that showed him with

---

[1] The appeal of defendant-appellant Juan Carlos Cardona was dismissed by a July 16, 2008 order of this Court. Accordingly, this opinion addresses only the appeal of defendant-appellant Jaime Enrique Romero-Padilla.

the alleged co-conspirators.  After the jury returned a verdict of guilty on both counts of the indictment, the United States District Court for the Southern District of New York (Denise Cote, *Judge*) sentenced Romero-Padilla principally to 180 months' imprisonment.

## DISCUSSION

On appeal, Romero-Padilla contends that (1) the evidence presented at his trial was not sufficient to establish his knowledge or intent that the narcotics he helped to distribute would be imported *into the United States*, as opposed to another country; (2) the District Court erred in admitting into evidence at his trial proof that Romero-Padilla and one Henry Ferro-Varon ("Ferro"), an alleged co-conspirator in the instant matter, plotted to transport narcotics to the United States via Mexico and the Dominican Republic as part of separate transactions not charged in this case; and (3) the District Court erred in failing to give the jury a "multiple conspiracy instruction."  Appellant's Br. 47.

As an initial matter, we consider whether an offense under 21 U.S.C. § 959(a), which provides that it is "unlawful for any person to manufacture or distribute a controlled substance . . . (1) intending that such substance or chemical will be unlawfully imported into the United States . . . *or* (2) *knowing* that such substance or chemical will be unlawfully imported into the United States," *id.* § 959(a)(1)-(2) (emphasis added), requires proof of actual (as opposed to constructive) knowledge where the government does not prove intent.  Romero-Padilla argues, and the government agrees, that § 959(a) requires proof beyond a reasonable doubt that the defendant actually knew or intended that a controlled substance he distributed or manufactured would be illegally imported into the United States. Although our Court has not previously addressed this issue, we agree with the parties that § 959 means what it says.  As the D.C. Circuit put it, "[b]y its terms, this provision requires proof of actual, not constructive, knowledge." *United States v. Chan Chun-Yin*, 958 F.2d 440, 443 (D.C. Cir. 1992); *see also United States v. Martinez*, 476 F.3d 961, 968 (D.C. Cir. 2007).  Accordingly, we hold that in order to

3

obtain a conviction for an offense under § 959(a), the government must prove the defendant's actual knowledge or intent beyond a reasonable doubt.

Viewing all the evidence in the light most favorable to the government and drawing all reasonable inferences in its favor, *see United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000), we hold that Romero-Padilla has not met the "heavy burden," *id.*, of demonstrating that the evidence presented at trial was insufficient for any rational trier of fact to find beyond a reasonable doubt that Romero-Padilla actually knew or intended that the cocaine at issue would be imported into the United States. *See generally Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In particular, we note that Romero-Padilla does not dispute that the government adduced the following evidence at trial: (1) as an officer in the CNP, he was instructed that large shipments of narcotics originating in Colombia are often transported through Mexico and that narcotics transported from Colombia to Mexico typically do not remain in Mexico because their value is considerably higher in the United States; (2) he discussed with alleged co-conspirator Ferro the possibility of importing narcotics to the United States through Mexico; (3) he commented to Ferro that co-defendant Leonidas Molina-Triana, who orchestrated the charged conspiracy, frequently imported drugs to the United States; (4) he expressed concern to several alleged co-conspirators that the Drug Enforcement Agency might be investigating their activities; and (5) on more than one occasion he handled U.S. currency as part of the alleged conspiracy. From that evidence, a rational trier of fact could have inferred Romero-Padilla's actual knowledge that the narcotics at issue were bound for the United States. Romero-Padilla's contention that the jury was not required to make that inference is irrelevant. *See United States v. Salmonese*, 352 F.3d 608, 618 (2d Cir. 2003) ("[T]he task of choosing among permissible competing inferences is for the jury, not a reviewing court . . . ."); *cf. Chan Chun-Yin*, 958 F.2d at 443 ("[P]roof [of knowledge] may take the form of circumstantial as well as direct evidence.").

We reject Romero-Padilla's contention that evidence of his previous plans with Ferro to import narcotics into the United States through Mexico and the Dominican Republic was evidence of "other crimes" and inadmissible under Federal Rule of Evidence 404(b). Although the evidence did not concern the charged conspiracy, it was relevant background evidence inasmuch as it corroborated the charge that Ferro and Romero-Padilla were partners during the charged conspiracy and established that Romero-Padilla's participation in the charged conspiracy was at least in part motivated by his desire to acquire the funds necessary to complete the other contemplated transactions with Ferro. Accordingly, the evidence fell outside the ambit of Rule 404(b)'s prohibition on "other crimes" evidence. *See United States v. Gonzales*, 110 F.3d 936, 942 (2d Cir. 1997) ("[E]vidence of uncharged criminal activity is not considered 'other crimes' evidence under Fed. R. Evid. 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it [is] inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime [on] trial." (internal quotation marks omitted)). Moreover, proof of the planned transactions was admissible as evidence of Romero-Padilla's knowledge that the narcotics in the charged conspiracy would ultimately be transported to the United States. *Cf. United States v. Brand*, 467 F.3d 179, 197 (2d Cir. 2006) ("[P]rior act evidence is generally admissible to prove that the defendant acted with the state of mind necessary to commit the offense charged." (internal quotation marks omitted)). The probative value of this evidence, moreover, was not substantially outweighed by a risk of unfair prejudice. *See* Fed. R. Evid. 403.

The District Court did not err in not instructing the jury that it could find that multiple conspiracies existed in the instant case—one to transport narcotics from Colombia to Mexico and a separate conspiracy to transport them to the United States. Where, as here, "only one conspiracy has been alleged and proved[,] . . . defendants are not entitled to a multiple conspiracy charge." *United States v. Maldonado-Rivera*, 922 F.2d 934, 962 (2d Cir. 1990) (internal quotation marks omitted). In any

5

event, the District Court's jury instructions addressed Romero-Padilla's concern that the jury be informed that "it had to acquit [defendant] unless it found that he was a member of the conspiracy charged in the indictment." Appellant's Br. 49. Romero-Padilla was charged with conspiracy to manufacture or distribute drugs that he knew would be imported into the United States, and the District Court instructed the jury that it could only find him guilty if it found beyond a reasonable doubt that he was aware that he was joining a conspiracy to import narcotics into the United States.

## CONCLUSION

For reasons stated above, the June 19, 2008 judgment of the District Court is AFFIRMED.