12-4256-cr
*United States v. Bourne*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

      **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand seventeen.**

PRESENT:    JOSÉ A. CABRANES,
                SUSAN L. CARNEY,
                      *Circuit Judges.*
                RICHARD W. GOLDBERG,
                      *Judge.*[*]

---

UNITED STATES OF AMERICA,

          *Appellee,*                           12-4256-cr

          v.

VICTOR D'ACOSTA BOURNE,

          *Defendant-Appellant,*

---

  [*] Judge Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

1

MATTHEW JAMES, GEORGILIO ESTEVEZ, MIGUEL
BOZZA, MARIA ALLEYNE, AKA MARIA BOURNE,

*Defendants.*

---

FOR APPELLEE:                          Amy Busa and Patricia E. Notopoulos,
                                       Assistant United States Attorneys, *for*
                                       Bridget M. Rohde, Acting United States
                                       Attorney for the Eastern District of New
                                       York, Brooklyn, NY.


FOR DEFENDANT-APPELLANT:                Stephen N. Preziosi, Law Office of
                                       Stephen N. Preziosi, P.C., New York, NY.


Appeal from a judgment of October 23, 2012 of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Victor D'Acosta Bourne appeals a judgment convicting him of nine felony counts involving traffic in controlled substances and money laundering. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. We discuss each of his grounds for appeal in turn below.

## 1. Disqualification of Counsel

Bourne argues that the District Court erred by disqualifying his defense counsel of choice. *See* Br. & Special App. Def.-Appellant 10-25. The government responds that Bourne waived or forfeited this claim and that in any case the District Court acted within its discretion. *See* Br. & App. United States 22-29.

The Sixth Amendment guarantees a criminal defendant the right to choose his or her counsel; however, a district court has discretion to disqualify the defendant's chosen attorney in cases of "actual conflict or potentially serious conflict" of interest, including cases of "multiple representation" or "prior representation of a witness or codefendant." *United States v. Locascio*, 6 F.3d 924, 931 (2d Cir. 1993) (spelling modified). The district court exercises this discretion to protect

2

both the defendant's right to effective assistance of counsel and the state's interest in the integrity of legal proceedings. *See id.* The district court's decision is reviewed for abuse of discretion. *Id.*[1]

Whether or not Bourne waived or forfeited his right to argue this issue, we do not think that the District Court abused its discretion. Bourne's attorney had also represented Maria Alleyne ("Alleyne"), a codefendant, in an earlier phase of the proceedings. App. 127. He continued to advise Alleyne even after the District Court had disqualified him from representing her. App. 126. In the District Court's view, the attorney's actions may have violated New York norms of professional conduct. *See* App. 128. These circumstances provided a sufficient factual basis for the District Court to disqualify Bourne's counsel of choice.

## 2. Sufficiency of the Evidence

Bourne next argues that the evidence at trial was insufficient to convict him on counts six, seven, and eight of the Superseding Indictment. *See* Br. & Special App. Def.-Appellant 26-37. The evidence was insufficient, he says, because the government failed to prove that he had had the *mens rea* required by 21 U.S.C. § 959(a) (2006). *See id.*

A court of appeals will reverse a jury verdict for insufficiency of the evidence only if it concludes, "after viewing the evidence in the light most favorable to the prosecution," that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

At the time of trial, United States Code title 21, section 959(a) provided: "It shall be unlawful for any person to . . . distribute a controlled substance . . . intending . . . or . . . knowing that such substance . . . will be unlawfully imported into the United States or into waters within a distance of 12 miles of the coast of the United States."

We conclude that the record does not justify reversal for insufficient evidence on these counts. For conviction on count eight, no intent to import or knowledge of importation was required. Count eight charged a violation of 21 U.S.C. § 841(a)(1) (2006)—which makes no mention of importation—not 21 U.S.C. § 959(a) (2006). *See* Br. & App. United States at GA17. Bourne thus cannot complain that the government failed to present evidence of importation in making its case on that count. For conviction on counts six and seven, we think that a rational trier of fact could have found the required *mens rea* from the evidence in the record. We note in particular the testimony of witness Hanson. That testimony recounted a telephone call with Bourne in which the transshipment of marijuana from Jamaica in Miami was discussed. *See* App. 297-98. We also note the

---

[1] "Abuse of discretion" is merely a term of art. It does not imply that the district court committed misconduct. *Dinler v. City of New York (In re City of New York)*, 607 F.3d 923, 943 n.21 (2d Cir. 2010).

testimony of the shipping company representative reporting the information that customers, including Bourne, would receive about the routes of container shipments. *See* Br. & App. United States at GA74 to -75.

### 3. Jury Instructions

The jury instructions on counts one, six, seven, and eight were erroneous, according to Bourne, because the District Court told the jury that United States Code title 21, section 959(a) did not require distribution of a controlled substance within the United States. *See* Br. & Special App. Def.-Appellant 38-41. The government argues that Bourne waived his right to appeal this issue by agreeing in the District Court that the instructions were correct. *See* Br. & App. United States 51. Even if he had not waived this issue, the government says, the instructions were not erroneous. *See id.* at 48-54.

We are not certain from the record whether Bourne in fact waived his objection to the instructions in question. *See id.* at GA98 to -99. But whether he waived or forfeited this objection or not, the instructions were not erroneous. Count eight did not charge a violation of section 959(a). *See id.* at GA17. For the other counts, the instructions correctly stated the law. The District Court instructed the jury: "The law does not require that there be an intent to distribute a controlled substance within the United States; just that the defendant intended to distribute a controlled substance knowing that the substance would be unlawfully imported into the United States or into waters within a distance of 12 miles of the United States." App. 356. This instruction restates exactly what the plain language of section 959(a) requires. The statute requires simply that "the defendant actually knew or intended that a controlled substance he distributed or manufactured would be illegally imported into"—not distributed in—"the United States." *United States v. Romero-Padilla*, 583 F.3d 126, 129 (2d Cir. 2009).

### 4. Denial of Motion to Suppress Evidence

Bourne argues the District Court also erred by denying a motion to suppress evidence. A federal agent seized the evidence, he says, during an illegal protective sweep of Alleyne's home. *See* Br. & Special App. Def.-Appellant 42-50. The government responds that Bourne lacks standing to make this objection. Br. & App. United States 32-33. In any case, the government argues, the agent found and seized the evidence in plain view while he was in Alleyne's home with her consent. *See id.* at 34-35.

"Under the plain-view exception" to the Fourth Amendment's requirement of a warrant for search and seizure, " 'if police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant.' " *United States v. Delva*, 858 F.3d 135, 149 (2d Cir. 2017) (quoting *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993)). The factual basis of a district court's

4

decision on a motion to suppress evidence is reviewed for clear error; its legal conclusions are reviewed *de novo. United States v. Bershchansky*, 788 F.3d 102, 108 (2d Cir. 2015).

Whether or not Bourne has standing to raise this issue, the District Court's ruling on the motion does not meet the standards for reversal.

The District Court's factual findings are not clearly erroneous. The District Court found that Alleyne had given her consent to the agents arresting her to accompany her into her home. Br. & App. United States at GA69. It also found that the evidence in question—text in documents—was obviously incriminating and lying in plain sight. *Id.* at GA69 to -70. There is enough evidence in the record to prevent us from forming a "definite and firm conviction that a mistake has been committed," *Bershchansky*, 788 F.3d at 110 (internal quotation marks and citation omitted). *See* App. 146-48 (testimony recounting Alleyne's alleged consent), 150, 185-86 (testimony describing agents' entry into the home, the character of the documents, and the documents' placement in the front room as agents entered the home).

The District Court's conclusion that the seizure was lawful is also not erroneous. We agree that the plain-view exception applies to the facts as the District Court found them. Federal agents had permission to enter Alleyne's home, and they found obviously incriminating material in plain view as they entered.

### 5. Alleged Interference with Grand Jury Deliberation

Another source of error, Bourne argues, is a defective indictment. *See* Br. & Special App. Def.-Appellant 51-56. He asserts that a comment from the prosecution to the grand jury "interfered with . . . the grand jury's independent assessment of the evidence," tainting the indictment. *Id.* at 51.

The parties disagree about whether Bourne has waived the right to argue this issue on appeal. *Compare id.* at 52, *with* Br. & App. United States 55-56. But whether or not Bourne waived the issue, the District Court did not plainly err by omitting to dismiss the indictment. We see no information in the record to suggest that the prosecution's comment "substantially influenced the grand jury's decision to indict," and we do not have "grave doubt that the decision to indict was free from the substantial influence" of that comment. *Bank of N.S. v. United States*, 487 U.S. 250, 256 (1988) (internal quotation marks omitted).

### 6. Sentence

Bourne's last argument is that his sentence is procedurally and substantively unreasonable. *See* Br. & Special App. Def.-Appellant 57-64.

"A sentence is procedurally unreasonable if the district court fails to calculate or improperly calculates the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to

consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Aldeen*, 792 F.3d 247, 251 (2d Cir. 2015) (emphasis, internal quotation marks, punctuation, and citation omitted). A sentence is substantively unreasonable only if "the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks and citation omitted).

### (a) Procedural Reasonableness

Bourne's sentence is not procedurally unreasonable.

Bourne objects to the District Court's consideration at sentencing of conduct underlying charges on which he was acquitted. *See* Br. & Special App. Def.-Appellant 58-60. This objection must be rejected because such use is permitted by law. *United States v. Watts*, 519 U.S. 148, 157 (1997); *see also United States v. Aldeen*, 792 F.3d 247, 254 (2d Cir. 2015) ("Ordinarily, conduct underlying acquitted or dismissed charges or uncharged conduct may be taken into account in sentencing if the government establishes that conduct by a preponderance of the evidence.").

Bourne objects to several factual findings on which the District Court based its sentencing decision. These findings are not clearly erroneous, however, since none of them leaves us with a "definite and firm conviction that a mistake has been committed," *Bershchansky*, 788 F.3d at 110 (internal quotation marks and citation omitted). *Compare* Br. & Special App. Def.-Appellant 59-60 (objecting to the District Court's reliance on testimony of witnesses James and Beckford), *with* App. 369 (reporting the District Court's factual findings based on the testimony of witnesses James and Beckford), *and id.* at 320, 324-25, 327 (reporting relevant testimony of witness Beckford).[2]

Bourne raises other procedural objections: that the District Court's grouping calculation was erroneous, *see* Br. & Special App. Def.-Appellant at 61-62; and that the District Court erred by adding offense-level points for gun possession and for obstruction of justice, *see id.* at 62-64. We reject these objections for the reasons given by the District Court. *See* App. 369-73.

### (b) Substantive Reasonableness

Bourne makes the substantive objection that the sentences for counts thirteen and fourteen are excessive because, he says, "both of those counts stem from the same facts and circumstances that occurred on one day," only seven kilograms of cocaine were involved, and he had no prior arrests or convictions. Br. & Special App. Def.-Appellant 60-61. In light of the District Court's

---

[2] The parties did not submit the transcript of the relevant parts of the testimony of witness James in their Appendix. We think, however, that the submitted testimony of witness Beckford is sufficient on its own to justify the District Court's findings.

discussion of the substance of its sentencing decision, *see* App. 373-76, we conclude that there was no abuse of discretion.

## CONCLUSION

We have reviewed all of the arguments raised by Bourne on appeal and find them to be without merit. We therefore **AFFIRM** the District Court's judgment of October 23, 2012.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk