VICTOR MARRERO, United States District Judge.
Defendant Frank Giovinco ("Giovinco") is charged with racketeering conspiracy and extortion conspiracy. (See "Superseding Indictment," Dkt. No. 190.) The trial of Giovinco is scheduled to begin before the Court on June 17, 2019. The Government filed motions in limine seeking to allow admission of (1) certain out-of-court statements made by Giovinco and his co-conspirators regarding the charged conspiracies, and (2) evidence of Giovinco's prior conviction for attempted enterprise corruption. (See "Government Motion," Dkt. No. 208.)
For the following reasons, the Government Motion is GRANTED in its entirety.
I. BACKGROUND
On May 29, 2019, the Government filed the Superseding Indictment charging Giovinco with racketeering conspiracy (Count One) and extortion conspiracy (Count Three). (See Superseding Indictment.)
On June 3, 2019, the Government filed motions in limine. Specifically, the Government seeks: (1) a ruling that certain out-of-court statements made by Giovinco and his co-conspirators regarding the charged conspiracies are admissible pursuant to the hearsay exceptions for statements of party opponents or co-conspirators, or, in certain circumstances, as statements against penal interest (see Government Motion at 5-16); and (2) a ruling that evidence of Giovinco's prior conviction for attempted enterprise corruption, in violation of New York Penal Law § 460.20, is admissible as direct evidence of the crimes charged in the Superseding Indictment or, alternatively, pursuant to Rule 404(b) of the Federal Rules of Evidence ("Rule 404(b)") as proof of Giovinco's motive, opportunity, intent, preparation, plan, knowledge, modus operandi, or absence of mistake or accident (see id. at 16-23).
Giovinco did not file an opposition to the Government Motion.
II. DISCUSSION
A. Motion for a Ruling on the Admissibility of Certain Out-of-Court Statements
It is well-settled law that the Government may introduce at trial certain out-of-court statements made by defendants and their co-conspirators. See, e.g., *301 United States v. Marin, 669 F.2d 73, 84 (2d Cir. 1982). The statements the Government seeks to introduce at the trial of Giovinco (see Government Motion at 9-12) are statements of an opposing party or co-conspirator that fall directly within the ambit of Rule 801(d)(2) of the Federal Rules of Evidence or statements against penal interest that fall within the ambit of Rule 804(b)(3) of the Federal Rules of Evidence. The Court finds that such statements may be elicited by the Government through the testimony of its witnesses at trial. Accordingly, the Court grants the Government's motion in limine to admit certain out-of-court statements made by Giovinco and his co-conspirators regarding the charged conspiracies.
B. Motion for a Ruling on the Admissibility of Evidence of Giovinco's Prior Conviction
The Government seeks to introduce evidence of Giovinco's July 1997 conviction for attempted enterprise corruption in relation to a conspiracy involving the Genovese crime family. (See Government Motion at 16-19.) The Government contends that evidence of Giovinco's prior conviction is admissible as direct proof of the crimes charged in the Superseding Indictment or, in the alternative, admissible pursuant to Rule 404(b).
Rule 404(b) prohibits the introduction of evidence of crimes, wrongs, or other acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Nevertheless, such evidence "may be admissible" to establish "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).
Evidence of an uncharged crime is not subject to the Rule 404(b) analysis, however, if it (1) "arose out of the same transaction or series of transactions as the charged offense," (2) "[is] inextricably intertwined with the evidence regarding the charged offense," or (3) "is necessary to complete the story of the crime [on] trial." United States v. Gonzalez, 110 F.3d 936, 942 (2d Cir. 1997) (quoting United States v. Towne, 870 F.2d 880, 886 (2d Cir. 1989) ). Such evidence need not "directly establish an element of the offense charged," but rather, it can "provide background" for the alleged events, and it may be admitted to show "the circumstances surrounding the events or to furnish an explanation of the understanding or intent with which certain acts were performed." United States v. Coonan, 938 F.2d 1553, 1561 (2d Cir. 1991) (quoting United States v. Daly, 842 F.2d 1380, 1388 (2d Cir. 1988) ). In conspiracy cases, specifically, evidence of other crimes may be admitted "to inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the jury how the illegal relationship between the participants in the crime developed." United States v. Williams, 205 F.3d 23, 33-34 (2d Cir. 2000) (quoting United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992) ); see also United States v. Romero-Padilla, 583 F.3d 126, 130 (2d Cir. 2009) (per curiam).
The Court is persuaded that evidence of Giovinco's prior conviction is admissible as direct evidence of the charges in the Superseding Indictment. The evidence, as described in the Government Motion, consists of a prior conviction for attempted enterprise corruption relating to the Genovese crime family. Giovinco's prior conviction is related to the crimes charged in the Superseding Indictment for two reasons. First, the prior conviction allegedly prevented a labor union from hiring Giovinco when the enterprise allegedly sought to pressure the union into hiring him. (See Government Motion at *302 21.) Second, both the prior conviction and the Superseding Indictment involve the Genovese crime family, meaning that the prior conviction may constitute evidence establishing "the existence of the Enterprise, the existence of a pattern of racketeering activity, and the defendant's membership in the Enterprise." (Id. ) As such, the Court finds that the evidence may be admitted "to inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the jury how the illegal relationship between the participants in the crime developed." Williams, 205 F.3d at 33-34. Finally, as Giovinco's prior conviction does not involve conduct "any more sensational or disturbing" than the charged offenses, the Court finds that its introduction is not more prejudicial than probative. United States v. Sanchez, 518 F. Supp. 2d 615, 616 (S.D.N.Y. 2007).
The Court therefore grants the Government's motion to admit evidence of Giovinco's prior conviction as direct proof of the crimes charged in the Superseding Indictment.
III. ORDER
For the reasons stated above, it is hereby
ORDERED that the motions in limine of the Government (Dkt. No. 208) are GRANTED.
SO ORDERED.