18-2040 (L)
*United States v. Olivera & Lopez*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand nineteen.

PRESENT:
          DENNIS JACOBS,
          SUSAN L. CARNEY,
          MICHAEL H. PARK,
                    *Circuit Judges.*
_____

UNITED STATES OF AMERICA,

          *Appellee,*

                    v.                                          Nos.   18-2040,
                                                                        18-2077

JUDIE OLIVERA, GIBRON LOPEZ,

          *Defendants-Appellants,*

VICTOR MONGE,

          *Defendant.*
_____

FOR APPELLEE:                          CHRISTOPHER J. DIMASE (Gina
                                       Castellano, Won S. Shin, on the brief),
                                       Assistant United States Attorneys, Of

Counsel *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANTS-APPELLANTS: ANDREW LEVCHUK, Andrew Levchuk, Counselor at Law LLC, Amherst, MA (for Judie Olivera).

ARZA FELDMAN, Feldman & Feldman, Uniondale, NY (for Gibron Lopez).

Appeal from the judgments of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments entered on June 27, 2018, and June 29, 2018, are **AFFIRMED**.

Defendants-Appellants Judie Olivera and Gibron Lopez appeal from the judgments entered by the District Court after a jury convicted them of conspiracy to commit a Hobbs Act robbery and Hobbs Act robbery under 18 U.S.C. § 1951. The District Court sentenced Olivera and Lopez each primarily to 480 months' imprisonment. Both timely appealed.

The evidence at trial showed, and a jury could reasonably have found, that in May 2012, Olivera and Lopez, along with codefendant (and, later, cooperator) Victor Monge, robbed Miles Klein at Klein's apartment in the Bronx, New York. Olivera planned and directed the robbery. During the robbery, Lopez and Monge beat Klein brutally with a wrench and a mallet. Soon after, Klein died from his injuries.

Pursuant to a plea agreement, Monge testified against his codefendants at their trial. Confidential informant Miguel Fernandez also testified at trial, recounting statements made to him by Lopez about the Klein robbery. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm the District Court's judgments.

### 1. *Olivera*

Olivera makes three main arguments on appeal. She first challenges the District Court's decision to allow into evidence, under the hearsay exception for statements against penal interest, Fernandez's testimony about statements made to him by Lopez. *See* Fed. R. Evid. 804(b)(3). Fernandez recounted to the jury Lopez's out-of-court description to him of the Klein robbery. Olivera challenges the admission of those parts of Lopez's statements discussing her involvement, arguing primarily that the District Court did not analyze those statements with sufficient granularity—*i.e.*, statement by statement—to meet the standards set by Rule 804(b)(3) for admission.

> Rule 804(b)(3) defines an admissible statement against penal interest as one that:
>
> (A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it . . . had so great a tendency . . . to expose the declarant to civil or criminal liability; and
> (B) is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.

Fed. R. Evid. 804(b)(3). We discuss both elements below in relation to the challenged statements. Our review of a District Court's evidentiary rulings is for abuse of discretion. *United States v. Nektalov*, 461 F.3d 309, 318 (2d Cir. 2006) ("We review evidentiary rulings for abuse of the district court's broad discretion, reversing only when the court has acted arbitrarily or irrationally." (internal quotation marks omitted)).

Regarding (A), exposure to liability: Olivera does not dispute that, as a whole, Lopez's statements to Fernandez exposed Lopez to criminal liability. Instead, Olivera contends that the District Court did not comply with the directive in *Williamson v. United States* that the "district court may not just assume for purposes of Rule 804(b)(3) that a statement is self-inculpatory because it is part of a fuller confession . . . ." 512 U.S. 594, 601 (1994). Olivera asserts that the District Court failed to perform the required particularized analysis for each of Lopez's statements, *see United States v. Ojudun*, 915 F.3d 875, 886 (2d Cir. 2019), and that those individual statements that concerned Olivera did not inculpate Lopez.

3

We are satisfied that the District Court adequately performed such a particularized analysis. It had before it the statement-by-statement descriptions of Fernandez's expected testimony provided in the government's motion *in limine*. *See* Olivera App'x 37-38 (listing the statements). In an oral presentation, the District Court assessed each proposed statement, Olivera App'x 121-26, and reasonably determined that the statements, including those primarily regarding Olivera, were sufficiently inculpatory of Lopez to warrant admission under Rule 804(b)(3). The statements helped explain the motive for the crime, the mechanics of the crime, and the link from Lopez to Klein via Olivera, all of which tended to expose Lopez to criminal liability. We agree with the District Court that the statements were inculpatory.

Regarding (B), reliability: Olivera argues that the District Court did not adequately vet Lopez's statements to Fernandez for trustworthiness. None of the statements that Lopez made to Fernandez regarding Olivera suggested a lack of trustworthiness, however. In his declarations, Lopez did not attempt to "minimize his own culpability, shift blame onto [someone else], or curry favor with authorities." *United States v. Williams*, 506 F.3d 151, 155 (2d Cir. 2007). Lopez made the statements not to the "authorities," *id.*, but to Fernandez, a person he "believed was an ally," *United States v. Dupree*, 870 F.3d 62, 80 (2d Cir. 2017) (brackets and internal quotation marks omitted). In addition, Lopez's account as retold by Fernandez was corroborated by substantial evidence, including Monge's testimony, surveillance video, and phone records connecting Olivera to Klein. *See id.* at 80 (listing corroborating evidence).

Both elements (A) and (B) having been satisfied, we see no basis for disturbing the District Court's decision to admit the challenged parts of Fernandez's testimony under Rule 804.

Second, Olivera asserts that the District Court erred in denying Olivera's motion under Federal Rule of Criminal Procedure 14(a) to sever her trial from Lopez's. Olivera argues that she suffered unfair spillover prejudice from having the jury hear evidence of Lopez's uncharged acts, in particular the evidence of Lopez and Fernandez's 2014 planned "sting" robbery, with which Olivera was not involved.

4

The decision "[w]hether to grant or deny a severance motion is committed to the sound discretion of the trial judge . . . [and] [t]he district court's exercise of that discretion is virtually unreviewable." *United States v. Salameh*, 152 F.3d 88, 115 (2d Cir. 1998) (internal quotation marks and citations omitted). Olivera's assertions on appeal that the jury may have assumed erroneously from Fernandez's evidence that she participated in the planning of the 2014 sting robbery are not persuasive: they are "entirely too speculative and generalized, and [] fall[] far short of demonstrating an abuse of discretion or a miscarriage of justice." *United States v. Cacace*, 796 F.3d 176, 192 (2d Cir. 2015) (per curiam). Moreover, Fernandez testified at trial that he had never met Olivera, further undercutting any possible implication that she was involved in the 2014 plan. We identify no abuse of discretion here.

Third, Olivera argues that her sentence of 480 months was substantively unreasonable, particularly when compared to that imposed on Lopez, who also received a 480-month sentence but who, unlike Olivera, beat Klein to death. We review the substantive aspects of a sentence for abuse of discretion. *United States v. Ulbricht*, 858 F.3d 71, 129 (2d Cir. 2017). The Guidelines sentence for Olivera was life, based on a Total Offense Level of 43 and a Criminal History Category of I; each of her two counts of conviction carried a 240-month maximum sentence. In light of the trial record, we cannot conclude that the District Court erred in deciding at sentencing that Olivera planned the robbery and that Olivera was aware ahead of time that Lopez and Monge brought with them at least one of the weapons with which they later beat Klein. Since the sentence imposed was within the applicable Guidelines range and rested on adequately grounded findings, we cannot say that the District Court abused its broad discretion in imposing the sentence that it chose.

We therefore affirm Olivera's conviction and sentence.

### 2. *Lopez*

Lopez presents three challenges to the District Court's evidentiary rulings. Each focuses on an alleged violation of Federal Rule of Evidence 404(b). That Rule reads in relevant part as follows:

(b) Crimes, Wrongs, or Other Acts.

(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses . . . This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404. In this Circuit, "[w]hen reviewing the admission of evidence pursuant to Rule 404(b), we consider whether (1) the prior crimes evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the evidence was substantially outweighed by its potential for unfair prejudice pursuant to Rule 403; and (4) the court administered an appropriate limiting instruction." *United States v. McCallum*, 584 F.3d 471, 475 (2d Cir. 2009) (internal quotation marks omitted). Below, we discuss each argument under this framework. As noted earlier, our review of a district court's evidentiary rulings is for abuse of discretion.

First, Lopez argues that it was reversible error under Rule 404 for the District Court to allow Monge to testify at trial about the fact that, before the Klein robbery, he and Lopez were each dealing marijuana individually while living in Olivera's apartment. Lopez maintains primarily that the evidence is irrelevant to the charged crimes, addressing the second component of our Rule 404(b) review. As the government argues, however, this evidence was relevant to showing a relationship of trust among Olivera, Lopez, and Monge, as well as to establishing how their criminal relationship developed. *United States v. Rosa*, 11 F.3d 315, 334 (2d Cir. 1993) ("[I]t is within the court's discretion to admit evidence of prior acts to inform the jury of the background of the conspiracy charged, in order to help explain how the illegal relationship between participants in the crime developed, or to explain the mutual trust that existed between coconspirators."). We therefore identify no abuse of discretion in the District Court's ruling.

Second, Lopez challenges the District Court's admission of Fernandez's testimony that, before the Klein robbery took place, Fernandez had sold drugs to Lopez for resale. Lopez again argues that this evidence was irrelevant to his crime of conviction. As the government points out, however, Fernandez's testimony provided context for Lopez's

6

admission that the money that he used to pay Fernandez in the summer of 2012 for a drug debt consisted of, at least in part, proceeds from a robbery. The fact of the drug debt spoke to a possible motive for the Klein robbery. *United States v. Romero-Padilla*, 583 F.3d 126, 130 (2d Cir. 2009) (per curiam) ("Although the evidence did not concern the charged conspiracy, it was relevant background evidence inasmuch as it . . . established that [the defendant's] participation in the charged conspiracy was at least in part motivated by his desire to acquire the funds necessary to complete the other contemplated transactions . . . ."). We agree, and decide that the District Court did not err.

Third, Lopez challenges the District Court's admission of evidence taken from a December 2014 recording of Lopez and Fernandez discussing the potential sting robbery. Lopez argues that the portions of the conversation regarding the potential sting robbery must be excluded as irrelevant. Those portions include certain admissions by Lopez about the 2012 Klein robbery, however, and these statements are introduced by Fernandez's references to "last time." Lopez App'x 68-69 ("last time you told me they saw you"; "last time you didn't even use a ski mask"). The meaning of the admissions about the 2012 Klein robbery—the "last time"—are best understood in the context of the planned 2014 robbery, *i.e.*, in contrast to the possible "this time." *See United States v. Quinones*, 511 F.3d 289, 309 (2d Cir. 2007) (commenting on a similar admission to a crime that it "becomes clear only in light of evidence" of uncharged and unrelated crimes). This evidence is therefore "inextricably intertwined with the evidence regarding the charged offense." *United States v. Towne*, 870 F.2d 880, 886 (2d Cir. 1989). Its admission was not error.

Finally, Lopez urges as to all three challenged types of evidence that their probative value was outweighed by their assertedly unfair prejudice to Lopez. Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ."). When the prior crimes are not "more sensational or disturbing" than the charged crime, however, unfair prejudice (if any) is usually minimal. *United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990). None of the three types of evidence discussed above was nearly as sensational as the robbery, beating, and subsequent

death of Klein. All three types had substantial probative value. We therefore cannot say their admission was an abuse of discretion.

* * *

We have considered all of Olivera's and Lopez's remaining arguments and conclude that they are without merit. The District Court's judgments are **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court